## Matheny v. Chester.

(Decided January 27, 1911.)

### Appeal from Calloway Circuit Court.

Contracts—Parties Thereto—Rule—Exception.—As a general rule only parties to a contract have a right of action on it for its breach. An exception is, where the contract is made for a third party the latter may sue to enforce it or for its breach.

COOK & THOMPSON, for appellant.

BARNETT & WELLS, and JNO. G. LOVETT, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

W. A. Chester and his wife, Catherine Chester by their deed of October 16, 1906, conveyed twenty acres of land in Calloway county to appellee, T. S. Chester upon this recited consideration:

"Being old and infirm, but of sound mind, do for the purpose of maintenance and being cared for with all necessary and comfortable attention and all proper and reasonable care in sickness as well as in health as long as either or both shall live, now therefore, for and in consideration of the above named," &c.

It is conceded that the grantee took possession of the land under this deed, and rendered the services called for to the grantors until the death of W. A. Chester. This suit is brought by J. K. Matheny alleging that after W.

A. Chester's death T. S. Chester made life so uncomfortable to Mrs. Catherine Chester, the other grantor in the deed, as to force her to leave his home, where she had been maintained by him, and that she came to the home of the plaintiff where she was taken ill and remained one hundred and three days. The plaintiff sues T. S. Chester to recover the value of her care and expenses incurred in her behalf for that time. She does not join in the suit. A general demurrer was sustained to the petition.

As a general rule only parties to a contract have a right of action on it for its breach. An exception is, where the contract is made for a third party, the latter may sue to enforce it, or for its breach.

If the facts alleged are true, doubtless Mrs. Catherine Chester has a good cause of action upon the contract contained in the deed against T. S. Chester. But appellant has not a cause of action upon it merely because he furnished her money or care or board which another had obligated himself to do, but failed.

The judgment affirmed.