## Morgan, et al. v. Eversole.

(Decided October 20, 1916.)

### Appeal from Leslie Circuit Court.

1. Fraudulent Conveyances—Husband and Wife.—A sale by the husband of his real estate to his wife for valuable consideration is not fraudulent as to creditors.

2. Fraudulent Conveyances—Evidence.—In an action involving the validity of the transfer of real estate from the husband to his wife, evidence examined and held to show no facts from which it could be reasonably inferred that the conveyance was made by the husband for the purpose of cheating his creditors, or that his wife knew of such fraudulent purpose.

3. Execution—Sales Under—Notice of Prior Equity.—If, before the sale of land upon which an execution has been levied, the execution creditor has notice of an older equity in favor of another, evidenced by bond or unrecorded deed, the older equity will prevail.

CLEON K. CALVERT for appellants.

LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Clark Eversole was indebted to H. C. Cornett, D. E. Steele and the First National Bank of London. The indebtedness in favor of Cornett was reduced to judgment, which was purchased by H. M. Hensley. The indebtedness in favor of the First National Bank was also reduced to judgment. Executions were issued on these judgments and levied on a lot in Hyden, of which Clark Eversole appeared to be the owner. Separate actions were brought by Serena Eversole, wife of Clark Eversole, to enjoin the execution sales. By agreement the actions were consolidated and heard together. On final hearing plaintiff was granted the relief prayed for and the defendants appeal.

The record develops the following facts: Being in need of money to carry on a logging job and being unable to raise the required sum on his own credit, Clark Eversole entered into a contract with his wife, Serena, by which she agreed to borrow the sum of $400.00 and turn it over to him, provided he would sell, and give to her a title bond to, the lot in question. On March 5th,

1906, the title bond was executed. Thereupon Serena Eversole borrowed from the Hyden Citizens' Bank the sum of $400.00. Thereafter Serena Eversole sold a lot which she received from her father's estate and applied the proceeds on the note.

Subsequently she sold some timber from a farm which she owned and discharged the balance.

While it is true that transactions between husband and wife will be closely scrutinized where the rights of creditors are involved, we find in the record no facts from which it could be reasonably inferred that Clark Eversole executed the title bond for the fraudulent purpose of cheating his creditors, or that Mrs. Eversole knew of such fraudulent purpose. On the contrary, the evidence makes it clear that the bond for title was executed for a valuable consideration actually paid by Mrs. Eversole, and that the sum so paid was used in a lawful enterprise. Under the circumstances, the transfer and title bond were not fraudulent as to creditors. Taylor, et al. v. Cooley, et al. 49 S. W. 355; McCandless v. Rea, et al., 56 S. W. 10.

It is the well established rule in this state that if, before the sale of land upon which an execution has been levied, the execution creditor has notice of an older equity in favor of another, evidenced by bond or unrecorded deed, the older equity will prevail. Bean, et al., v. Everett, 56 S. W. 403; Jett v. Sheets, 10 R. 197; Armstrong v. Darbro, 10 R. 984; Griffin v. Gingell, 79 S. W. 284. In the case under consideration, the title bond in question was executed long before the two executions were levied. Before a sale was had under either execution this action was brought to enjoin the sales. The execution creditors, therefore, had notice of the prior equity of Mrs. Eversole before the sales took place. It follows that her equity is superior to that of the execution creditors and that the chancellor did not err in so holding.

Judgment affirmed.