SANER–WHITEMAN LUMBER CO. v. TEX-
AS & N. O. RY. CO.   (No. 683–4589.)

(Commission of Appeals of Texas, Section B.
Dec. 15, 1926.)

**I. Appeal and error ⬦1082(2)—Error held to
have been properly preserved forming basis
of reversal of judgment by Commission of
Appeals.**

Plaintiff in error, by excepting to decision,
and specifically assigning error on appeal, and
asserting error by special proposition in briefs,
and making it ground of motion for rehearing
in Court of Civil Appeals, and for writ of error
thereto, *held* to have properly preserved error
forming basis of reversal of judgment by Com-
mission of Appeals.

**2. Appeal and error ⬦1082(2)—Case may not
be reversed and remanded on proposition and
assignment of error not properly preserved.**

It is not within province of Commission of
Appeals to go outside of record and reverse
and remand case on proposition and assignment
of error not properly preserved.

Error to Court of Civil Appeals of First
Supreme Judicial District.

On motion for rehearing. Motion over-
ruled.

For former opinion, see 288 S. W. 127.

POWELL, P. J. We have carefully con-
sidered motion for rehearing filed herein by
the defendant in error. We think same is
without merit, and recommend that it be
overruled.

We see no reason to add anything to our
original opinion, and ordinarily would not
do so. But, on page 4 of the motion, counsel
use this language:

"We challenge your honors to find such a
proposition or such assignment of error in the
record filed in Court of Civil Appeals, as the
proposition and assignment of error upon which
writ of error was granted, and upon which this
case was reversed and remanded."

In view of this challenge, we now submit
the record through all the courts upon this
point.

At the time the trial court entered its judg-
ment (affirmed later by the Court of Civil
Appeals), plaintiff in error excepted there-
to, and gave notice of appeal therefrom.
The trial had been without a jury. In due
season assignments of error were filed by
plaintiff in error. The twentieth assignment
of error was as follows:

"The court erred in holding that the plaintiff
was unable to take up the steel from the road
bed of the Caro Northern Railroad Company."

The twenty-first assignment of error was
as follows:

"The court erred in refusing to hold that the
plaintiff, under the law, was unable to take up

the rails from the road bed of the Caro North-
ern Railroad Company, and in refusing to hold
that it was the right and the duty of the plain-
tiff to repossess said rails before its cause of
action for the taking up thereof or for the value
thereof as against this defendant accrued."

These assignments became the basis of
the eleventh proposition in the brief filed by
the lumber company in the Court of Civil
Appeals. Said proposition reads as follows:

"There is nothing in the Constitution or stat-
utes or the laws of this state to prevent the
railroad company from removing its rails now
in the tracks of the Caro Northern Railway
Company."

In connection with this last proposition,
and on page 53 of its brief in the Court of
Civil Appeals, we find counsel for the lumber
company using this language:

"It is submitted that under the law the rails
can now be taken up, and, in that event under
the prayer of the railroad company, its recovery
is limited to a judgment awarding it the title
and possession of the rails, and upon proper
proof which was not submitted, the cost of tak-
ing up the rails, and the rent thereon."

In its prayer, at the conclusion of its brief
in the Court of Civil Appeals, the lumber
company asked that the judgment of the
trial court be reversed and final judgment
be rendered for it.

The Court of Civil Appeals held that the
rails could be removed, but went on any
way, and affirmed the judgment for conver-
sion, and gave damages for the value of the
rails. Against this judgment of the appel-
late court, the lumber company filed its
motion for rehearing in due season. We
quote, in part, from the fortieth and forty-
first grounds of said motion, as follows:

"XL. This court erred in affirming the judg-
ment of the trial court, because said judgment
has not any basis in the pleadings of appellant."

"XLI. This court erred in affirming the judg-
ment of the trial court, because both in the
original and amended petition the plaintiff based
its right of recovery in conversion upon the
theory that, the rails having once been placed
in the body of the track of a common carrier,
they could not be taken up, and that the act of
so placing them there was in itself a conversion,
and because the prayer both in the original and
trial petition was to the effect that, if the rails
could, under the law, be taken up and recovered,
then plaintiff prayed for the recovery of the
rails and the cost of their recovery, and only in
case they could not be so recovered was there
any prayer for recovery as for conversion, and,
this court having correctly held that they could
have been recovered, then the only condition
under which judgment was asked against this
appellant has been held not to have existed."

The motion for rehearing was overruled
by the Court of Civil Appeals. In due time
application for writ of error was filed. The
Supreme Court granted it upon "the second

proposition under the second error assigned." Judging from the motion, counsel seem to think this notation referred to the second assignment of error in the lumber company's brief in the Court of Civil Appeals. That is not a correct assumption. The notation referred to assignments in the application for the writ. In the latter instrument the second assignment of error reads as follows:

"The Court of Civil Appeals erred in holding that appellee's petition was sufficient to allege a cause of action for the recovery of the value of the rails."

The second proposition thereunder, being the basis of the writ granted, reads as follows:

"Where a party seeks two inconsistent remedies, only one may be granted, and it is incumbent upon the party to elect as between the two, and he is bound by the election. In this case the appellee elected to sue primarily for the title and possession of the rails, and pleaded and proved a good cause of action to recover the title and possession, and therefore, under the law and under its pleadings, cannot have judgment for the value of the rails."

[1, 2] It is quite clear to us, and we hope now to counsel, that the error forming the basis of this reversal has been properly preserved through all the courts. Counsel are quite correct in stating that it is not within our province to go outside the record and reverse and remand a case upon a proposition and assignment not properly preserved all along the way.

It was insisted by the lumber company that we render final judgment in its favor. We thought the equities would be better subserved by not doing so. We stated our reasons for this conclusion in our original opinion. The lumber company has filed no motion, and has accepted a remand of the case.

As already stated, we recommend that the motion for rehearing be overruled.