# Franklin-American Trust Company v. White Awning Company.

(Decided October 11, 1929.)

SQUIRE R. OGDEN and GORDON & LAURENT for appellant.

WILLIAM A. EARL and MERIT O'NEAL for appellee.

Opinion of the Court by Commissioner Tinsley—Reversing.

On February 18, 1927, Struck Construction Company, which had the general contract for the construction of the Heyburn Building in Louisville, Ky., entered into a contract with Builders' Iron Works, of St. Louis, Mo., by which the latter undertook to perform that part of the construction pertaining to the windows and awnings. Builders' Iron Works in turn contracted with the appel-

lee, Clyde J. White, doing business under the firm name and style of White Awning Shoppe, to do certain awning work for the stipulated price of $700. White was not paid, and on August 3, 1928, instituted this action against Struck Construction Company and Builders' Iron Works. A general order of attachment was issued, and Struck Construction Company summoned as garnishee. It filed a response, stating that it had in its hands the sum of $700 due Builders' Iron Works, but the appellant was claiming the same under an assignment to it from Builders' Iron Works. Later on Struck Construction Company paid this $700 into court.

Appellant filed its intervening petition alleging that on March —, 1928, Builders' Iron Works assigned to it the amount then due and owing and to become due and owing to it by Struck Construction Company; that it did on March 22, 1928, give notice of such assignment to Struck Construction Company, and that the latter acknowledged receipt of such notice on March 23, 1928; that the money then in the hands of Struck Construction Company, and sought to be reached by appellee, was part of the money so assigned to it; and that its lien thereon was prior and superior to the attachment lien of appellee. By subsequent pleadings in the action it developed there was a written contract between Struck Construction Company and Builders' Iron Works, executed February 18, 1928, which contained this provision:

"If, at any time during the progress of the work hereunder, and before the final payment of the contract price, there should be evidence of any lien or claim for which the contractor, or the owner of said premises may become liable, the contractor shall have the right to retain, out of any money then due, or thereafter to become due, to the subcontractor under this contract, an amount sufficient to completely indemnify it against any such lien or claim. If, after completion of this contract and final payment of the contract price, any such lien or claim shall appear, the subcontractor shall completely indemnify the contractor or the owner against any loss or damage which may be suffered by reason thereof."

The case was submitted to the court upon the pleadings, and in a memorandum opinion the court held that, because of the quoted provision of the contract, Builders'

Iron Works was bound to discharge its obligation of indemnity before its assignee, the appellant, could claim any part of the sum in the hands of Struck Construction Company and paid by it into court. A judgment was rendered in accordance therewith, and after payment of the costs incurred by appellee the remainder of the fund was adjudged to appellee. The trust company has appealed.

The assignment made by Builders' Iron Works to appellant was made approximately 30 days after it entered into the contract with Struck Construction Company, and undoubtedly created in appellant an equitable lien upon the moneys due and to become due from Struck Construction Company to Builders' Iron Works. Manly v. Bitzer, 91 Ky. 596, 16 S. W. 464, 13 Ky. Law Rep. 166, 34 Am. Stats., Rep. 242. It is not contended that appellee took any step toward acquiring and perfecting a lien under the provisions of the statute in such cases made and provided, and he had no lien, otherwise, except such as was acquired by his attachment and garnishee process, unless the contract between Struck Construction Company and Builders' Iron Works gave him a lien. The garnishee process created in his favor an equitable right to or lien upon this fund, but, since appellant's right antedated his right by more than five months, the former was superior, since it is well settled that, as between equities merely, that which is prior in time must prevail. Forepaugh v. Appold, etc., 17 B. Mon. 625; Glass v. Cundiff, 167 Ky. 760, 181 S. W. 638; Morgan v. Eversole, 171 Ky. 624, 188 S. W. 645.

This brings us to a consideration of the contention that under section 6 of the contract, supra, appellee had a lien upon the fund in court, or such a claim thereto as that the court was authorized to apply it to his debt. Counsel for appellee earnestly insist that it was not necessary, in order to entitle appellee to recover, that he perfect a mechanic's or materialman's lien on the real estate or that he secure an attachment lien on the fund, because, under section 6 of the contract, Struck Construction Company was entitled to retain a sum sufficient to discharge any claim arising out of the construction of the building for which it might have become liable, and, since appellee's claim was a claim for which it, or the owner, or the premises might have become liable, Struck Construction Company had the right to indemnify itself and protect the owner of the real estate by paying appellee, and, a fortiori, the court was authorized to do for appel-

lee that which Struck Construction Company had the right to do for him.

It is to be noted, however, that the relied-on provision of the contract gives to Struck Construction Company the right to retain in its hands, and to hold for purposes of indemnity, money due or to become due Builders' Iron Works only if there should be evidence of "a lien or claim for which the contractor, or owner, or the premises may become liable." It did not have the right to retain money due Builders' Iron Works, just because it might develop that Builders' Iron Works owed one or more open accounts. The "lien or claim" contemplated by that provision was a lien which had been perfected, or a claim which, by compliance with the statutory provision, might be enlarged into a lien; for, unless a claim be enlarged into a lien, neither the contractor nor the owner would ever become liable for it, nor could it be enforced against the real estate. A careful consideration of section 6 of the contract relied on convinces us that it was a provision for the benefit of Struck Construction Company and the owner of the real estate. It was an additional safeguard for their benefit. It was never intended as, and it was not, a guaranty of the security of claims of mechanic or materialmen, nor was it incorporated for their benefit, in the absence of a perfected lien. Section 2463 et seq., Kentucky Statutes, provide the means whereby subcontractors, mechanics, and materialmen may secure a lien and the payment of their just demands. Had appellee availed himself of its provisions, he would have created a lien for which Struck Construction Company, the owner, and the premises would have all been liable, and would have thus created the contingency against which section 6 provides, in which event Struck Construction Company would have been required to pay his debt, and could then have retained under section 6 an amount of money sufficient to indemnify itself. See Dayton Lbr. & Mfg. Co. v. New Capital Hotel, etc., 222 Ky. 29, 299 S. W. 1063; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229.

In his memo opinion the trial court held that "when the parties used the words 'lien or claim' they evidently intended to give them some meaning. Had only the word 'lien' been employed, it could reasonably be contended that the parties limited themselves to a statutory lien in favor of mechanics and materialmen. But by using the word 'claim' in addition to the word 'lien' the parties

evidently meant to give a larger scope to their intentions, and to signify that the subcontractor would indemnify his contracts against any claim originating between the contractor and one employed by him, and whose labor and material enabled the subcontractor to complete his contract with the general contractor. This position is strengthened by section 6 of the contract, to the effect that the subcontractor shall indemnify the owner or contractor against any loss or damage by reason of any liens or claims."

But it is quite clear that the court overlooked, or gave no consideration to, the phrase "for which the contractor or the owner, or said premises may become liable;" for, as said above, no claim of a subcontractor, mechanic, or materialman, so long as it was a mere "claim," or open account, could be enforced against the general contractor, or the owner, or the premises, and neither of them would ever become liable for it until the claim or account had been enlarged into a lien. Wherefore the judgment is reversed, with directions to enter a judgment in favor of appellant.