## KENTUCKY ROCK ASPHALT CO. v. FIDELITY & CASUALTY CO. OF NEW YORK.

Circuit Court of Appeals, Sixth Circuit. January 18, 1930.

No. 5287.

Joseph S. Laurent, Robert G. Gordon and Squire R. Ogden, all of Louisville, Ky., for appellant.

Fred Forcht and Ben F. Washer, both of Louisville, Ky., for appellee.

Before MOORMAN and HICKS, Circuit Judges, and KILLITS, District Judge.

HICKS, Circuit Judge. Appeal from an order sustaining a demurrer to plaintiff's second amended petition and dismissing the suit. So far as is relevant here, the amended petition avers that the Sutton Construction Company, hereinafter called Construction Company, contracted with the city of Louisa, Ky., for paving certain streets with asphalt. The pertinent provisions of the contract are as follows:

"The party of the second part further agrees that it will furnish the said city with satisfactory evidence that all persons who have done work or furnished material under this agreement *and are entitled to a lien therefor under any laws of the state of Kentucky* have been fully paid *or are no longer entitled to such lien.*

"Said party of the second part further agrees that it will execute a bond in the sum of said contract secured by a responsible guaranty satisfactory to the said city for the faithful performance of this contract and in accordance with the terms of said ordinance." (Italics used for the purpose hereinafter indicated.)

The petition alleges that pursuant to the above quoted condition of the contract the Construction Company executed a bond to the city with the defendant, the Fidelity & Casualty Company of New York, surety thereon. The essential provisions of the

bond, in addition to the general obligation to perform, are as follows:

"Shall keep and save the obligee [city of Louisa] harmless and indemnify it from and against any and all claims, demands, judgments or expenses of every description incurred or caused or growing out of the prosecution or construction of said work according to the terms of said contract and shall repay all sums of money which the said obligee may pay to other persons on account of the work or labor done or materials furnished on said contract, and if the principal shall pay to the said obligee all damages which may be sustained by it resulting from nonperformance on the part of said principal of any of the covenants, conditions, stipulations and agreements of said contract."

The petition avers that plaintiff sold and delivered asphalt to the Construction Company which was used by it in the construction of the streets of Louisa under its contract; that the Construction Company failed to pay in full for this asphalt; that its failure was a breach of its contract with the city, wherefore plaintiff sued the defendant as surety upon the Construction Company's bond for the balance due.

 We think the District Judge was right. The bond read in connection with the contract was a common-law obligation. There are no inconsistent provisions which would justify the court in adopting that one favorable to plaintiff upon the principle of liberal construction as against a compensated surety. The meaning of the contract is plain and in such case the surety, even though it be a bonding company for profit, is entitled to have it interpreted according to ordinary principles. Hooper-Mankin Fuel Co. v. C. & O. Ry. Co., 30 F.(2d) 500, 502 (C. C. A. 4); Gilmore & P. R. Co. v. U. S. Fid. & Guar. Co., 208 F. 277, 279 (C. C. A. 3); Bench Canal Drain. Dist. v. Md. Cas. Co., 278 F. 67, 80 (C. C. A. 8). The bond and contract, read together, were for the protection of the obligee, the city of Louisa. The bond indemnified the city against any breach of the Construction Company's contract and its failure to pay the resultant damages. The bond, read with the contract, protected the city from the failure of the Construction Company to furnish satisfactory evidence that any possible liens created under Kentucky laws had been discharged. It also protected the city from claims of any character against it growing out of the improvement. There is no suggestion of any intent to pay this particular claim of plaintiff or for that matter any other of the Construction Company's debts. Plaintiff was neither a party to the bond and contract nor mentioned therein. The case is controlled, therefore, by the common-law rule that no one can maintain an action in his own name upon a contract to which he is not a party. Warner v. Conn. Mut. Life Ins. Co., 109 U. S. 363, 3 S. Ct. 221, 27 L. Ed. 962; First M. E. Church v. Isenberg, 246 Pa. 221, 224, 92 A. 141; Brick & Tile Co. v. Fid. & Guar. Co., 108 Kan. 21, 23, 194 P. 316; Trust Co. v. Constr. Co., 191 N. C. 664, 665, 132 S. E. 804; Roofing Co. v. Gaspard, 89 Ohio St. 185, 193, 106 N. E. 9, L. R. A. 1915A, 768, Ann. Cas. 1916A, 745; Pankey v. Nat. Sur. Co., 115 Or. 648, 651, 239 P. 808. The contract to do the paving with asphalt was not an agreement to pay for the asphalt. United States v. Stewart (C. C. A.) 288 F. 187, 189; Hardison v. Yeaman, 115 Tenn. 639, 648, 91 S. W. 1111.

Citizens' T. & G. Co. v. Peebles Paving Brick Co., 174 Ky. 439, 192 S. W. 508, and the cases cited therein, to wit, Albin Co. v. Commonwealth, 128 Ky. 295, 108 S. W. 299, and Matheny v. Chester, 141 Ky. 790, 133 S. W. 754, fall, not within the general rule, but within the exception, that one for whose benefit a bond is given may enforce it. [Maumee Valley Elec. Co. v. City of Toledo (C. C. A.) 13 F.(2d) 98, 104], and therefore are not controlling here. It is clear that the bond in suit was not executed for plaintiff's benefit or protection.

 Finally, it is said that the italicized portions of the contract provisions above quoted are meaningless; that in Kentucky there is no lien for material furnished for street improvements; that these phrases should therefore be stricken; and that when they are eliminated the remaining portions will reflect an agreement binding the Construction Company and its surety, the defendant, to pay plaintiff. But (1) it is at least doubtful as a matter of law whether the language used is meaningless (Ky. St. § 2492); and (2) in any event we are not authorized to strike the questioned provisions as meaningless in fact. The parties were competent to choose their own language and it must be assumed that they wrote the contract as they intended and that they intended that the city be protected against even a possible though probably doubtful lien. To eliminate these provisions would be to write a new obligation for the parties into which they had not entered, or, in other words, to reform the contract, a relief permitted neither by the pleadings nor by the facts.

Affirmed.