## Kentucky River Coal Corporation et al. v. Marcum.

(Decided December 18, 1931.)

M. C. BEGLEY and P. T. WHEELER for appellants.

CLEON K. CALVERT and JAMES G. BRUCE for appellee.

OPINION OF THE COURT BY HOBSON COMMISSIONER— Reversing.

P. B. Marcum brought this action against James B. Hoge and the Kentucky River Coal Corporation to quiet his title to the gas, oil, and minerals in a tract of land in Leslie county. The issues were made up, and on final hearing the circuit court adjudged Marcum the relief sought. The defendants appeal.

The facts of the case are these: On March 22, 1904, Lucinda Couch, who then owned the land, together with

her husband, Carrol Couch, executed to the Kentucky River Coal Company, who assigned it to the Kentucky River Coal Corporation, a written contract or bond which, among other things, contained these provisions:

"That for and in consideration of Ten Dollars ($10.00), in hand paid, receipt of which is hereby acknowledged and as first payment upon the sum of $1.50 per acre, for the property rights and privileges, of, in, to, on, under, concerning or appurtenant to the hereinafter described tract of land, balance whereof is to be paid one year from this date, and when the amount thereof is ascertained and conveyed, as hereinafter stated, the grantor has sold and hereby agrees to convey to the grantee, as hereinafter provided, all coal, mineral, mineral products, all oils and gases, all salt minerals and salt water, fire and potters clay, all iron and iron ore, and all stone. . . .

"Before the grantor can demand as a matter of strict right, the payment of said deferred purchase money, the number of acres thereof is to be determined by actual survey, made by or under the direction of a competent civil engineer, at the expense of the 'Grantor' and the 'grantor' shall furnish a complete abstract showing title in him and thereupon convey or tender to the 'grantee' deed containing covenants of general warranty and the further covenants thereunder, in actual possession thereof, and has good right and full power and authority to convey the same and that the grantee shall and may hold and enjoy the rights granted, free from eviction or disturbance by title paramount to that conveyed by the said deed, and that the land, including the interest hereby sold and thereby conveyed, are free from all liens or encumbrances, concerning which covenants it is hereby expressly declared; that representation as to same and the aforesaid terms of said warranty to be made, are declared an essential condition and moving consideration for the execution of this agreement.

"The following is a description of the lands referred to in Leslie County, State of Kentucky, on the waters of Big Creek, of Red Bird River:

"Beginning at a beech and rock, just above where the grantor now lives on the said Big Creek,

thence running up said creek to Sol Collin's line, thence with line to the top of the ridge to a line of survey made in the name of Ben Wombles, thence with lines of same to a line of Amis Collins, thence with Collin's line to the beginning, containing 200 acres.''

The lessee had the land surveyed about the year 1915, but Lucinda Couch had not then received her deed to the property. This was made to her in the spring of 1917. On December 24, 1917, Mrs. Couch and her husband by a deed in consideration, as recited in the deed, of $100 in hand paid, conveyed to Roscoe Marcum the land in controversy in fee simple, which was a part of the tract covered by her title bond, above quoted. The title bond was of record, from about the time it was given. Roscoe Marcum conveyed the land to P. D. Marcum. On December 27, 1917, she conveyed to James B. Hoge the minerals in the whole tract covered by the title bond. Hoge was the agent to the Kentucky River Coal Corporation. That company brought suit against him, and in that action he was required to convey to the corporation the property that he had taken in his own name by this deed. Marcum proved by Hoge and by several other witnesses that when this deed was executed Mrs. Couch stated that she had conveyed to Marcum the land claimed by him, and she was told that the deed to Hoge did not include what she had conveyed to Marcum, and that she executed the deed to Hoge so understanding. The proof shows clearly that Hoge took the deed with knowledge of the prior conveyance, although it had not then been recorded. Marcum earnestly insists that the deed to Hoge was obtained by fraud. But if we leave that deed entirely out of the view, we still have the bond for title executed in 1904. The proof shows that Hoge obtained the deed by paying Mrs. Couch more money than the bond called for and that she was then refusing to comply with the bond. But no facts are shown invalidating the bond. In the brief for appellee it is said that the bond is void for indefiniteness in the description of the land; but the record does not show this. Appellee's witness R. L. Dixon, who surveyed the land, testifies that the bond embraces the land described in the answer and in the deed from Lucinda Couch to J. B. Hoge.

Marcum is in equity asking that his title to the land be quieted. The rule is well settled that the old equity

prevails and that a court of equity will enforce, in a suit in equity, the older equity. Smith v. Frost, 1 Bibb. 375; Duvall v. Guthrie, 3 Bibb. 532; Jackson v. Holloway, 14 B. Mon. 133; Glass v. Cundiff & Longest, 167 Ky. 760, 181 S. W. 638; Franklin-American Trust Co. v. White, Etc., Co., 231 Ky. 40, 20 S. W. (2d) 1009. Marcum had constructive notice of the older equity when he bought, for the contract had been long of record when he bought. Though the deed of December 27 was taken with notice of the prior deed of December 24, the rights of the Kentucky River Coal Corporation, under the bond are superior to the rights of Marcum under his deed. The circuit court should therefore have dismissed Marcum's petition, praying that his title to the land be quieted, and should have given judgment for the defendant.

Judgment reversed, and cause remanded for a judgment as above indicated.