## Steele & Lebby v. Ayer & Lord Tie Co.

(Decided Dec. 9, 1932.)

380

COMBS & COMBS for appellant.
EDWARD P. HILL, Jr., and J. C. HOPKINS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

On October 3, 1928, appellants James A. Steele, Jr., and Thomas Lee Lebby, as a partnership doing business in the name of Steele & Lebby, entered into a contract with Floyd county to construct two concrete bridges across the Big Sandy river, one at the upper end of Prestonsburg and the other at the lower end of the town, for the consideration of $159,791. On the same day they entered into a written contract with C. Y. Ligon, of Prestonsburg, whereby they sublet to Ligon part of the work consisting of excavating for the piers and underpass, driving piling, etc.; Ligon agreeing in the contract to do the excavating, furnish and drive the piling, etc., according to the plans and specifications. He went to work early in November, 1928. He furnished his own tools and supplies, hired and paid his own employees. He was a civil engineer. Among other things, Ligon bought from the Ayer & Lord Tie Company certain piling, which was shipped to him and cost $1,507.46. On December 18, while he was at work on the job, Ligon was shot and killed by one Howard; he was insolvent at his death; his representatives declined to have anything to do with the contract; and Steele & Lebby took charge of the work and finished it. On May 9, 1929, the Ayer & Lord Tie Company filed in the clerk's office of the Floyd county court a materialman's lien; there was then due the contractors from the county $6,139.01; and written notice of the claim was then served upon Floyd county. The Ayer & Lord Tie

Company on May 17, 1929, brought this action against Steele & Lebby and Floyd county, asserting a lien on the funds due the contractors by the county, and praying judgment against the contractors personaly for their debt. The issues were made up, proof was taken which showed the above facts, and on final hearing the circuit court entered a personal judgment against Steele & Lebby for the amount of the claim, and also adjudging that it should be paid by the county out of the balance due Steele & Lebby. From this judgment Steele & Lebby appeal.

By section 2492, Kentucky Statutes, all persons who perform or furnish labor or material for the construction or improvement of any public improvement by contract may acquire a lien thereon by filing in the clerk's office of the county a statement in writing showing the facts. Section 2494 provides:

"No lien provided for in this article shall attach unless the person who performs or furnishes the labor or terms shall, within sixty days after the last day of the last month in which any labor was performed or materials or teams were furnished, file in the county clerk's office of each county in which the labor was performed or materials or teams were furnished a statement, in writing, verified by affidavit, setting forth the amount due therefor, and for which the lien is claimed, and the name of the canal, railroad, turnpike or other public improvement upon which it is claimed. Said claim shall be filed and indorsed by the clerk of the court, giving the date of its filing."

The Ayer & Lord Tie Company filed no statement in the county clerk's office within sixty days after the material was furnished. In fact, it filed no statement of any kind until May 9, 1929. No lien may be obtained upon a public highway under this section, but a lien may be obtained under the statute on the fund which is to pay for the improvement. If the Ayer & Lord Tie Company had filed its lien in the county clerk's office in time, it would have had a lien upon the fund due by the county, and might have asserted this lien against the fund. Allen County v. U. S. Fidelity & Guaranty Co., 122 Ky. 825, 93 S. W. 44, 29 Ky. Law Rep. 356, and cases cited.

By the contract between Steele & Lebby and the

county, certain specifications were made a part of the contract. Among these is article 12, which is in these words:

"If at any time before or within 30 days after this work has been completed any person or persons claiming to have performed any labor or furnished any materials used in the completion of this work shall file with the purchaser any such notice as is described in the lien law, the purchaser shall retain until the discharge thereof, from the money under its control, so much of said moneys as shall be sufficient to satisfy and discharge the amount in such notice claimed to be due, together with the costs of any action brought to enforce such lien created by the filing of such notice."

It is insisted for the appellee that under this provision of the contract it has a lien on the fund, although it did not comply with the statute. But very clearly this provision of the contract was not intended to abrogate the statute. It was only intended to protect the county. The lien law of the state is clearly recognized in this provision; for it requires "such notice as is described in the lien law." The reason for the provision was that persons claiming to have performed any labor or to have furnished materials in the completion of the work might have done this within sixty days before the work was finished, and the purpose of the provision was to protect the county against any such claims. The parties did not have in mind a contract for a lien not warranted by the statute. The purpose of the provision was not to create a lien, but only to protect the county in making payment when the work was finished. The court had before it a similar provision in Franklin-American Trust Company v. White Awning Co., 231 Ky. 40, 20 S. W. (2d) 1009, 1010, and in that case, holding that such a provision did not create a lien, but that the party furnishing material must preserve his lien as provided by the statute, the court said:

"A careful consideration of section 6 of the contract relied on convinces us that it was a provision for the benefit of Struck Construction Company and the owner of the real estate. It was an additional safeguard for their benefit. It was never intended as, and it was not, a guaranty of the security of claims of mechanic or materialmen, nor

was it incorporated for their benefit, in the absence of a perfected lien. Section 2463 et seq., Kentucky Statutes, provide the means whereby subcontractors, mechanics, and materialmen may secure a lien and the payment of their just demands. Had appellee availed himself of its provisions, he would have created a lien for which Struck Construction Company, the owner, and the premises would have all been liable, and would have thus created the contingency against which section 6 provides, in which event Struck Construction Company would have been required to pay his debt, and could then have retained under section 6 an amount of money sufficient to indemnify itself. See Dayton Lumber & Mfg. Co. v. New Capital Hotel, etc., 222 Ky. 29, 288 S. W. 1063; Mid-Continent Petroleum Corp. v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229.''

The court is unable to see that this case can be distinguished from that case and those cited.

It is insisted that Ligon was more than a subcontractor, but the evidence fails to show this. It is true he was present when the contractors made their contract with the county and was their friend, but he had no interest in the contract but only in the subcontract which was given to him. It is true that the contractors had a man on the job to see that Ligon did his work properly, but he was entirely independent in doing the work and in employing labor therefor. Under the proof, he was clearly not a servant or agent of the contractors, but an independent subcontractor. 14 R. C. L. p. 68, sec. 4; Maggard v. Louisville Cooperage Co., 232 Ky. 20, 22 S. W. (2d) 279; 2 C. J. p. 424 sec. 10, and cases cited. This is a companion case to Steele & Lebby v. Flynn-Sullivan Company, 245 Ky. 772, 54 S. W. (2d) ——, decided November 11, 1932, and the facts on this branch of the case are more fully stated in that opinion.

Ligon had been paid by the contractors on December 4, $4,000, and as between him and them he was really in debt to them. The contractors are not liable to the Ayer & Lord Tie Company for the value of the timber, for they have paid Ligon more than was coming to him.

Judgment reversed, and cause remanded, with di-

rections to dismiss the petition of Ayer & Lord Tie Company.