## Mason Construction Company et al. v. Kosmos Portland Cement Company.
(Decided April 25, 1933.)

(Common Pleas Branch, First Division).

BLAKEY, DAVIS & LEWIS, for appellants.

CRAWFORD, MIDDLETON, MILNER & SEELBACH and GEORGE
W. NORTON, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Through the process of practice, this case was and is resolved into one of liability or nonliability under a bond executed to the state highway commission or a contract between it and the principal in the bond. The facts finally became undisputed. The trial court adjudged liability by means of a peremptory instruction to the jury, and the appeal is by the principal and surety in the bond.

The Mason Construction Company, a partnership, composed of R. E. Mason, A. H. Douglas, and L. B. Handley, had a contract with the highway commission to improve a part of the Tompkinsville-Scottsville road. A portion of that contract was sublet to Adams & Wilkerson. They in turn sublet the masonry part of their contract to C. M. Bell, doing business as C. M. Bell & Co. Under a contract with Bell & Co. alone the Kosmos Portland Cement Company sold and delivered a quantity of cement to Bell which was used on the job. That was in 1927. There remained a balance of $2,-181.90 due on an open account by Bell to the cement

company, and the suit is to recover it of the general contractor. Bell was not sued.

In the course of time the Mason Construction Company paid Adams & Wilkerson in full under their subcontract, and they in turn paid Bell in full for his work. Neither the Mason Construction Company nor Adams & Wilkerson had any notice of the unpaid cement account, nor had they ever been advised of a purpose to hold them responsible for payment of the material. When the Mason ·Construction Company asked for the final payment by the highway commission under their contract, they learned that a short time before (more than a year after the last cement was delivered) the cement company had filed a statement of the material it had furnished for the job and the nonpayment of the balance by Bell & Co.

It is not alleged in the pleadings that payment of the final estimate was refused by the highway commission, but it is only averred, in consideration of its payment, the Mason Construction Company, as principals, and the Fidelity & Casualty Company of New York, as surety, executed to the highway commission the bond sued on. That bond declared the prinicpals and surety to be bound in the penal sum of $3,000 to the "State Highway Commission for the use and benefit of the Commonwealth of Kentucky and persons, firms or corporations holding valid legal claim or claims against the principals herein or their sub-contractors for materials furnished to said principals or their sub-contractors or either of them in improving" the road described, "which improvements were made pursuant to a contract" between the principals and the commission. It was conditioned that, if payment should be made of "all legal claims against them (the Mason Construction Company) or any of their subcontractors for materials furnished to them or to any of their sub-contractors for use in improving," the road the obligation should be null and void. It is recited that the bond was given for the purpose of enabling the principals to obtain payment in full from the commonwealth of the final estimate on the contract which was being withheld pending settlement for the payment of all material claims.

There was no consideration for this bond as between the Mason Construction Company and the Kos-

mos Portland Cement Company. The material had not been furnished or the credit extended to Bell on the faith of this instrument. Standard Oil Co. v. National Surety Co., 234 Ky. 764, 29 S. W. (2d) 29. It is in effect simply as if A had promised his debtor B, "If you will pay me what you owe me I will pay C what I owe him if anything." There could be no valid claim by C under such an agreement, for it is a gratuitous engagement so far as C is concerned. His demand must rest upon some other promise or consideration. It is a settled principle of law that a promise to do what the promisor is already bound to do cannot be a consideration for a contract. Wallace v. Cook, 190 Ky. 262, 227 S. W. 279. Where one owes a duty to another, a bond executed for the purpose of inducing him to perform that duty is without consideration—a requisite element of every contract. Thus in Mitchell v. Vance, 21 Ky. (5 T. B. Mon.) 528, 17 Am. Dec. 96, where it was incumbent upon an officer to sell property taken by him under an execution, a bond of indemnity given the officer upon his demand before he would make the sale was not binding. So, too, is a new promise to indemnify a surety if he will pay an obligation on which he has already become bound without consideration and unenforceable. Holloway's Assignee v. Rudy, 60 S. W. 650, 22 Ky. Law Rep. 1406, 53 L. R. A. 353.

Whether there was a duty upon the commission to pay the final estimate to the Mason Construction Company, or whether it had the right to retain the money until this claim of the cement company was satisfied, is beside the point in this case. Whether the Mason Construction Company was obligated for the debt of Bell & Co. for the material depends upon the contract between the commission and that company for the improvement of the road. A copy of that contract is filed with the amended petition, although it is not expressly made a part of it. The contract by reference makes the standard specifications of the highway commission a constituent part. Only the following two sections of those specifications are set up and relied on in the petition, namely:

"79. Scope of Payment. Payment will be made Contractors on the actual number of units performed by the Contractor on each item of work included in the original contract and supplemental

agreement at the unit prices bid. These payments to be accepted by the contractor as full payment for materials, labor and tools necessary to perform and complete the work, also for any loss, damage or unforseen difficulties, all risks and patent infringement, except those specified in Paragraph No. 54. Before the final payment is rendered the Contractor will be required to sign a statement that all bills against him for labor and materials used on the contract have been liquidated.''

''83. Claims against the Contractor. Upon request of the State Highway Engineer the Contractor shall furnish satisfactory evidence that all persons who have done work or furnished materials under this contract have been fully paid, or satisfactorily secured. In case the Contractor fails to furnish such evidence, and written claims are filed by the above mentioned persons, the State Highway Engineer may retain out of any amount due said contractor sums sufficient to cover all unpaid claims.''

It is not alleged that either of these sections, or any other provision in the contract, created a right in the cement company to recover of the commission or of the Mason Construction Company for material furnished for the improvement of the road. It could not successfully be so alleged. Of course, a building contract may contain provisions for the benefit of materialmen which are binding upon the general contractor and subject him to a direct action by them, as where there is a promise or agreement to pay or to see that the materials are paid for. But this contract is not that kind. J. T. Jackson Lumber Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W. (2d) 670. It is the same form as that construed in Standard Oil Co. v. National Surety Co., supra, and its provisions as to payment of material and labor by the general contractor were held to be for the protection of the state highway commission alone and not to inure to the benefit of third persons. See, also, Dayton Lumber & Manufacturing Co. v. New Capital Hotel, 222 Ky. 29, 299 S. W. 1063, which was considered and distinguished in Mid-Continent Petroleum Corporation v. Southern Surety Co., 225 Ky. 501, 9 S. W. (2d) 229. Compare Ætna Casualty & Surety Co. v. United States Gypsum Co.,

239 Ky. 247, 39 S. W. (2d) 234. There was no mechanic's lien perfected; nor was any lien created by the contract on the fund in the hands of the highway commission. Steele & Lebby Co. v. Ayer & Lord Tie Co., 246 Ky. 379, 55 S. W. (2d) 52. There was no valid claim of the Kosmos Portland Cement Company against the state highway commission nor against the Mason Construction Company, for there was nowhere in this contract any obligation on the part of either to pay for the cement furnished for this job. The provision permitting the highway engineer to retain any amount due the contractor sufficient to cover all unpaid claims seems to be simply a lever to compel their payment. It cannot be construed as being an obligation to pay.

Construing the bond and the contract separately, or together, there was no legal liability on the part of the appellants or either of them. Therefore the judgment should have gone in their favor.

Judgment reversed.