## Steel & Lebby v. Horn et al.

(Decided June 16, 1933.)

814

COMBS & COMBS for appellants.

EDWARD L. ALLEN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Steel & Lebby entered into a contract with Floyd county to construct two concrete bridges across the Big Sandy river at Prestonsburg. On the same day they entered into a written contract with C. Y. Ligon whereby they sublet to Ligon a part of the work. He went to work under the contract, furnishing his own tools and hiring his own employees. While he was at work on the job he was killed; he was insolvent and Steel & Lebby had to take charge of the work he had contracted for and finish it. A number of his employees, who had not been paid by him, filed this action against Steel & Lebby to recover the amounts due them from him and on final hearing a personal judgment was rendered against Steel & Lebby in their favor for the amounts due them. Steel & Lebby filed a transcript of the record in this court but prayed no appeal. The amount adjudged each of the appellees was less than $500, and this court dismissed the case, because no appeal had been prayed in this court. Thereupon Steel & Lebby filed in this court a copy of the judgment, entered a motion praying that an appeal be granted, and also filed notice and motion to prosecute this appeal on the record of the same style heretofore dismissed for lack of jurisdiction. This motion being submitted was sustained by the court as to the appellee John R. Clark, who was the only appellee having judgment for as much as $200. The effect of this order was to overrule the motion as to the other appellees. The case was then submitted on the record filed on the former appeal, and so is only before the court as to the appellee John R. Clark.

Clark's claim rests upon the ground that he worked for Ligon and that Ligon was an employee of Steel & Lebby or their agent. This precise question was presented to this court in Steele & Lebby v. Flynn-Sullivan Co., 245 Ky. 772, 54 S. W. (2d) 325, and it was there held that Sullivan was not the agent or employee of Steel & Lebby, and that they were not liable to his employees. That case was followed and approved in Steele & Lebby v. Ayer & Lord Tie Company, 246 Ky. 379, 55 S. W. (2d) 52. Those opinions are conclusive here. The appeal as to John R. Clark is granted.

The judgment in favor of John R. Clark is reversed, and the cause remanded for a judgment as above indicated.