## Childers v. Justice.

### May 19, 1950.
### R. Monroe Fields, Judge.

J. E. Childers for appellant.

P. B. Stratton for appellee.

COMMISSIONER CLAY—Affirming.

This suit was brought by appellant to quiet his title to a small tract of land on the north side of Russell's Fork on the Big Sandy River. The Chancellor adjudged appellee was the owner.

James Bevins originally owned the land. After his

death his heirs brought suit for sale and division. The petition described the property as consisting of tracts No. 3 and No. 4, and they were sold as such. Appellee purchased tract No. 3, and subsequently appellant bid in and purchased tract No. 4. Each of the descriptions of tract No. 3 and tract No. 4 encompassed the same land.

Apparently a mistake was made by the draftsman of the petition in the partition suit in attempting to describe the same property as consisting of two tracts. The reason for this mistake was that the original owner, James Bevins, had two deeds to this property; one of which was recorded and the other was not.

Appellee was familiar with this piece of property, was the first purchaser, was the first to take possession, and thereafter erected valuable improvements. Appellant has not been in possession, nor has he expended any sums on the property except the original purchase price of $55.

Though each of the parties dispute the other's legal title, we see no merit in their contentions on this point. Both parties have a valid deed to the same property, and their legal rights are equal. Classifying both as innocent purchasers for value, the better right as between the two must be determined by the application of equitable principles.

It seems clear that appellee has a superior equity. He was first to take possession and has expended a substantial sum to improve the property. He would suffer a substantial loss if appellant was adjudged the owner, whereas the converse is not true. See 19 Am. Jur., Equity, Section 482.

Even assuming, however, that the equities of the parties were equal, then appellee must still prevail because he acquired his interest earlier in point of time. Where two persons innocently purchase the same property, the one with the prior equity has the better right. See Duvall v. Guthrie, 6 Ky. 532, and Kentucky River Coal Corporation et al v. Marcum, 241 Ky. 648, 44 S.W. 2d 554. Under all the circumstances shown by the record, appellee has superior equitable rights in the property which, coupled with his legal title, constitute him the owner of the tract.

The judgment is affirmed.