441 S.W.2d 433 (1969)
AMERICAN RADIATOR AND STANDARD SANITARY CORPORATION et al., Appellants,
v.
ALBANY MUNICIPAL HOUSING COMMISSION et al., Appellees.
Court of Appeals of Kentucky.
May 23, 1969.
*434 John David Cole, Bowling Green, for appellants.
Lohren F. Martin, Corbin, Eddie C. Lovelace, Albany, for appellees.
MILLIKEN, Judge.
At the request of a subcontractor, Robin-Todd Corporation, the appellants, American Radiator and Standard Sanitary Corporation and Beams Electric Supply Company, furnished materials used in the construction of the Albany Municipal Housing Project, and now seek recovery on the Performance and Payment Bond of the prime contractor, Y & S Construction Company, the subcontractor having defaulted in payment. The principal question on appeal is whether the trial court properly granted summary judgment denying protection to the appellants on the primary contractor's bond for materials supplied the defaulting subcontractor in the performance of its work on the project.
The appellees contend that the bond in question is expressly conditioned for the purpose of protecting the obligee, the Albany Municipal Housing Commission, for materials furnished the prime contractor and no other, and that the only right of recovery the appellants could possibly have against the Commission would be a statutory right for any unpaid balance due under the appropriate mechanics' and materialmen's lien law, KRS 376.210 et seq. Since the appellant, Beams Electric Company, failed to timely assert its lien rights for the protection of its $10,121.00 claim, and since the appellant, American Standard, was adjudged to have a valid lien for only $2,109.00 of its $4,391.51 claim, these appellants contend that they are entitled to recover on the Performance and Payment Bond of the prime contractor for any amounts due them. The prime contractor had no performance and payment bond from its subcontractors. There is no cross-appeal from the $2,109.00 judgment partially upholding the lien of American Standard, so the only issue as to it involves its right to the balance of $2,282.00 of its original claim.
Under the terms of the Performance and Payment Bond, Y & S Construction Company, Incorporated, as principal, and the National Surety Corporation, as its paid surety, were bound in the amount of $322,973 "for use of the Albany Municipal Housing Commission, and all persons doing work or furnishing skills, tools, machinery, supplies or materials under or for the purpose of the contract hereinafter referred to * * *", which was the contract between Y & S and the Commission for the construction of housing project number Ky. 46-1 at Albany "in strict accordance with the Drawings, Specifications, and other documents relating thereto * * *". The purpose of the bond was to secure the Commission from damages, injury, or loss to which it might be subjected "by reasons of any wrong doing, misconduct, want of care or skill, negligence, or default, including patent infringement on the part of the Contractor, his agents, or employees, in the execution or performance of said Contract," and to secure the payment of "all just claims for damages or injury to property and for all work done, or skill, tools, or machinery, supplies, labor and materials furnished and debts incurred by the contractor, in or about the performance of the work contracted for * * *", but in case the principal met all such obligations of its contract, then the bond was to be void. The bond declared, "This Bond shall be for the use of the Albany Municipal Housing Commission * * * and all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of the contract hereinabove referred to." (Emphasis ours) The bond went on to state that the principal and surety "* * * shall assure all undertakings under said agreement or contract and shall assure and protect *435 all laborers and furnishers of materials on said work as required by applicable law."
There is a conflict of views as to whether recovery may be had on a performance and payment bond of a principal contractor for labor and materials furnished a subcontractor, but the rule followed by the courts generally, and especially the later cases on the subject, is that recovery may be had unless the wording of the bond indicates otherwise. 17 Am.Jur.2d, Contractor's Bonds, Section 91, page 267. A lien may be obtained by the supplier of a subcontractor on any unpaid balance due the prime contractor on public construction, KRS 376.210, a remedy which was not pursued at all by Beams Electric and with only partial success by American Standard. The appellees, the prime contractor and its paid surety, assert that the only right of recovery, if any, that the appellants have would be the one set out in the lien statutes and that that would be from any unpaid funds due the prime contractor from the Housing Commission. We do not agree with this assertion because we conclude that the language of the bond itself not only was intended to afford protection to the Housing Commission but also to protect "* * * all persons doing work or furnishing skill, tools, machinery or materials under or for the purpose of the contract" for the construction of the housing project. In fact, all materialmen and workmen involved in the project are third-party beneficiaries of this bond regardless of whether they contracted directly with the prime contractor or a subcontractor. Even if the bond be considered ambiguous in this respect (and we hasten to say we do not think it is) "* * * it will be construed most strongly against a compensated surety and in favor of the obligees or beneficiaries under the bond, such as the laborers and materialmen for whose benefit it was ostensibly executed." 17 Am.Jur.2d, Contractor's Bonds, Section 3, page 193, Charles E. Cannell Co. v. D. D. Millwork Co., 288 Ky. 319, 156 S.W.2d 170.
In Ky. Rock Asphalt Co. v. Fidelity and Casualty Co. of N. Y., 37 F.2d 279, 77 A.L.R. 4 (Sixth Circuit) and Mason Construction Co. v. Kosmos Portland Cement Co., 248 Ky. 782, 59 S.W.2d 1016, relied upon by the appellees, we find nothing to change our view. In the first case, there was no suggestion in the bond or contract of an intention by the surety to pay materialmen in case they had not been paid, while the Mason Construction case recovery was not permitted because the bond was held to have been made without consideration and for the protection of the State Highway Commission alone and not for the benefit of materialmen.
The judgment is reversed and the case remanded for the taking of proof to establish the authenticity of the respective claims.
All concur.