UNITED BONDING INSURANCE COMPANY, Appellant,

v.

The SPERRY & HUTCHINSON COMPANY, Appellee.

Court of Appeals of Kentucky.

April 2, 1971.

Harold D. Ricketts, John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, Francis L. Kenney, Jr., Kenney & Reinert, St. Louis, Mo., for appellant.

Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, Joe B. Orr, Bell, Orr, Ayers & Moore, Bowling Green, for appellee.

STEINFELD, Judge.

Appellant, United Bonding Insurance Company (hereinafter United), appeals from a summary judgment. It was held liable on its "Performance-Payment Contractor's Bond" executed in favor of Sperry & Hutchinson Company, the appellee (hereinafter S & H), to secure payment and performance of a contract S & H had entered into with Barrett & Company, Inc. (hereinafter Barrett) for the construction of a building. The crucial factual happenings, in chronological order, were as follows:

March 18, 1967—The work on the building was completed.

March 24, 1967—S & H received notice from a Minnesota bank that the $13,958 balance due Barrett on the contract had been assigned to it by Barrett, and S & H was requested by the bank to pay that amount to it. It informed S & H that it had a security agreement of record to support the assignment.

April 11, 1967—S & H forwarded a draft to the bank.

April 12, 1967—S & H was informed by Barrett that it was having financial difficulties and S & H was requested by Barrett not to pay the bank.

April 17, 1967—S & H was informed by Barrett that it was in financial trouble and could not pay its creditors. S & H requested Barrett to furnish a detailed list of its creditors.

April 20, 1967—The draft was paid by S & H's bank.

April 27, 1967—S & H phoned United and notified it that Barrett had failed to pay its subcontractors.

April 28, 1967—S & H received the list of creditors from Barrett.

May 1, 1967—S & H, in writing, notified United of Barrett's failure to pay its subcontractors, and supplied United with the list of creditors.

May 17, 1967—S & H received written notice that the redemption center property would be subjected to liens by subcontractors.

Suits were filed to enforce liens against the property. S & H then filed a third-party complaint against Barrett and United.

On December 13, 1968, United moved for summary judgment based on S & H's failure to comply with certain provisions of the building contract and bonding agree-

ment. The lower court overruled United's motion and without motion being made by S & H it entered judgment against United in the amount of the lienors' claims. United unsuccessfully moved to vacate this judgment. United now claims that it was entitled to summary judgment and that it was error to enter judgment in favor of S & H. It contends that the agreements entitled it to that judgment and that any issues of fact concerning the reasonableness of S & H's conduct under the circumstances were immaterial. United also argues that if it was not entitled to a summary judgment certainly S & H was not because there were material facts as to the reasonableness of its conduct.

The building contract which was incorporated by reference into the bonding agreement provides:

> "The Contractor shall hold the S & H Company free of liens of material dealers and subcontractors and *shall* submit to the S & H Company upon completion of work, an affidavit to the effect that all liens have been released * *." (Emphasis added)

United claims that S & H failed to comply with that provision when it paid Barrett's assignee without requiring an affidavit from Barrett to the effect that all liens had been released. Therefore, it says it was absolved from liability on its bond. We do not agree.

The contract gave S & H a privilege or right to require the affidavit, but there is no language in either the building contract or the bond which imposed on S & H the *duty* of obtaining the affidavit before making payment.

We have here a situation in which United was paid to insure the performance of the contract and the payment of obligations arising therefrom—not one involving a gratuitous surety. Cf. United States Fidelity and Guaranty Co. v. United States, 191 U.S. 416, 24 S.Ct. 142, 48 L.Ed. 242 (1903) and Robert Simmons Construction Co. v. Powers Regulator Co., Ky., 390 S.W. 2d 901 (1965). If United had wanted to condition S & H's payment to Barrett upon receipt of an affidavit then it should have so provided in its bond or required such a provision to be incorporated in the contract. Obligations imposed for the benefit of a paid surety will be construed most strongly against it. American Radiator and Standard Sanitary Corporation v. Albany Municipal Housing Commission, Ky., 441 S.W.2d 433 (1969). Having found no requirement that S & H obtain the affidavit before making payment we hold that United was not entitled to a summary judgment on this contention.

United argues that Barrett had defaulted and that S & H failed to immediately notify it in writing of such default. The bond provided:

> " * * * it shall be a condition precedent to any right of recovery hereunder that, in the event of any default on the part of the Principal, a written statement of the particular facts showing the date and nature of such default shall be immediately given by the Obligee to the Surety and shall be forwarded by registered mail to the Surety at its Home Office in the City of Indianapolis, Indiana."

United contends that S & H's knowledge of Barrett's "many problems", its assignment of the contract proceeds to the bank and of information as to its financial difficulty without immediately notifying United of those facts constituted a breach of condition.

The word "default" is not defined in either the contract or the bond, and United does not make clear at just which point in time it claims a "default" occurred. S & H concedes that "The default occurred when Barrett failed to pay the subcontractors," whose debts were past due and unpaid. However, United argues that under any reasonable interpretation given the term "immediately" and construing it most favorably to S & H, a lapse of at

least ten days in giving notice is a clear violation of the bond.

"Notice of default when required must be given within the time, if any, specified in the contract or, if no time, or no definite time is specified, within a reasonable time, as where the contract provides for immediate notice, * * *". 72 C.J.S. Principal and Surety § 150(b), page 638. We hold that a default within the meaning of the bond occurred but a full development of evidence is required to show when that default took place.

The other issue then is whether the bonding company was harmed by the delay of S & H in informing it of what had occurred. Ferguson Contracting Co. v. Charles E. Story Construction Co., Ky., 417 S.W.2d 228 (1967). Whether United, if it had been notified "immediately", could have protected its interest is a material fact on which it should have been given an opportunity to present evidence. A summary judgment against it was improper.

The judgment is reversed with directions to set aside the summary judgment and for proceedings consistent with this opinion.

All concur.