**MARRANZANO v. RIGGS NAT. BANK OF WASHINGTON, D. C. et al.**

No. 10416.

United States Court of Appeals District of Columbia Circuit.

Argued April 14, 1950.

Decided July 12, 1950.

Mr. Benjamin C. Sigal, Washington, D. C., for appellant.

Mr. Louis G. Caldwell, Washington, D. C., with whom Messrs. Donald C. Beelar, Washington, D. C., and Herbert J. Miller, Jr., Washington, D. C., were on the brief, for appellees.

Mr. Kelley E. Griffith, Washington, D. C., also entered an appearance for appellees.

Before WILBUR K. MILLER, FAHY and BAZELON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Tina Marranzano sued the Washington Times-Herald[1] to recover damages for alleged wrongful discharge from its editorial department where she had been employed some eleven years. Her theory was that she had been dismissed in violation of a collective bargaining contract between the newspaper and the union of which she was a member. The complaint was dismissed by the United States District Court pursuant to a motion based upon its alleged failure to state a claim upon which relief could be granted. Dissatisfied with this result, she appeals.

The trial judge dismissed the complaint because he concluded an individual member of the union cannot sue for damages because of a breach of the collective bargaining agreement; and because of his further conclusion that the terms of the contract do not restrict the employers' right to discharge and that consequently appellant's dismissal does not violate it. This is manifest from the memorandum opinion of the trial judge which makes no reference to the question whether the complaint stated facts sufficient to form, constitute or support a cause of action, but does say, "This Agreement as drawn grants no right of suit * * *", and construes the agreement as not restricting the right of the appellees to discharge employees.

But the contractual provision that "There shall be no discharges except for good and sufficient cause" restricts the employers' right to discharge; the agreement is breached, therefore, if an employee is let out without such cause, and the court erred in holding otherwise. It remains to determine whether the appellant, an individual member of the union but not directly and personally a party to the contract, can maintain an action for damages personally suffered because of its breach.

The right of the party to a contract to sue when damaged by the other party's violation of it does not depend upon the grant of such right by the terms of the contract itself. So the fact that "This Agreement as drawn grants no right of suit" does not prevent appellant from maintaining this action. The question is, does the appellant fall within any exception to the general rule[2] that a stranger to a contract may not sue to enforce its terms or to recover damages for a violation thereof?

According to the agreement, it was made between Eleanor Patterson, the publisher, and the union "for itself and on behalf of all employees in the Editorial Department of the Publisher". It was made, therefore, on behalf of the appellant and directly for her benefit, its object being to define and protect her rights in regard to job security, salary, working hours and conditions, as well as in other respects. Each employee was directly interested in and affected by the contractual obligations of the employer. We hold that an individual employee may sue for damages suffered

---

1. The newspaper was owned by Mrs. Eleanor Patterson, who died July 24, 1948. Miss Marranzano was discharged October 27, 1948, so she sued the Riggs National Bank, interim collector of Mrs. Patterson's estate, and the three executors of her will. They are the appellees here.

2. Williams v. Eggleston, 1898, 170 U.S. 304, 18 S.Ct. 617, 42 L.Ed. 1047; Kentucky Rock Asphalt Co. v. Fidelity & C. Co., 6 Cir., 1930, 37 F.2d 279, 77 A.L.R. 4; 12 Am.Jur., Contracts, § 273.

through the employers' violation of this collective bargaining agreement.[3]

■ Although the District Court erred in dismissing the complaint on the ground that the appellant had no right to sue for damages suffered through the employers' breach of the contract with the union, it does not follow that the complaint was good against the motion to dismiss. In order to state a cause of action it was necessary, of course, for the appellant to allege facts showing a breach of the agreement by the employer in discharging her.[4] The complaint is wholly lacking in that respect. Its only averment of fact concerning the discharge is that it occurred "without any prior notice by the defendants". The appellant did not allege facts showing either (a) that the employers' reason for releasing her, which she could have learned if she did not know what it was,[5] was not "good and sufficient", or (b) that she was entitled to notice prior to discharge, which the contract does not require in all cases.[6]

■ Moreover, although the appellant pleaded the terms of the contract which require the employer, in some instances, to grant severance pay, she did not plead she was entitled to it or that she had not re-ceived it. The allegation in the complaint that the appellant was discharged "without any prior notice by the defendants" is followed by this statement: " * * * The discharge of the plaintiff was wrongful, without good and sufficient cause or justification, and in violation of the provisions of the aforesaid agreement."

This was nothing more than a conclusion of the pleader, since it was not supported by a statement of facts constituting the alleged breach of the contract. Sheridan-Wyoming Coal Co. v. Krug, 1948, 83 U.S. App.D.C. 162, 163, 164, 168 F.2d 557, 558, 559.

■ It thus appears that the complaint should have been dismissed for failure to state a cause of action, and not for the reasons assigned by the District Court. Ordinarily a correct decision of a trial court should be affirmed, even though based on an incorrect ground. The ends of justice would be better served in this case, we think, by remanding it so that appellant may be afforded an opportunity to amend her complaint.[7] If she does not do so, the motion to dismiss should again be granted.

Reversed and remanded.

---

3. Moore v. Illinois Central R. Co., D.C.S. D.Miss.1938, 24 F.Supp. 731, affirmed 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L. Ed. 1089; 1 Teller, Labor Disputes and Collective Bargaining, §§ 166–168, and cases cited.

See also J. I. Case Co. v. N. L. R. B., 1944, 321 U.S. 332, 336, 64 S.Ct. 576, 579, 88 L.Ed. 762, wherein the Court said, " * * * an employee becomes *entitled* by virtue of the Labor Relations Act [29 U.S.C.A. § 151 et seq.] *somewhat as a third party beneficiary to all benefits* of the collective trade agreement, even if on his own he would yield to less favorable terms * * * " (Emphasis supplied.)

4. A short and plain statement of the claim showing the pleader is entitled to relief is required by Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U. S.C.A.

5. Article VI, Paragraph (A) of the contract is: "Upon notice of discharge or upon discharge where no notice is given, an employee who makes a request within 10 days shall receive from the Times-Herald a written statement of the cause of his discharge."

6. Article VI, Paragraph (G) (2) is, in part, as follows: "Two (2) weeks' notice in advance of discharge shall be given to employees of six months or more of continuous service except in cases of discharge for willful neglect of duty or gross misconduct."

7. Compare Fountain v. Filson, 1949, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; Elder and Furman v. Brannan, 1950, 87 U.S.App.D.C. ——, 184 F.2d 219.