MARRANZANO
v.
RIGGS NAT. BANK OF WASHINGTON, D. C.

RIGGS NAT. BANK OF WASHINGTON, D. C.
v.
MARRANZANO.

Nos. 11762, 11763.

United States Court of Appeals District of Columbia.

Argued March 12, 1954.

Decided May 27, 1954.

Messrs. David Carliner, Washington, D. C., and Seymour Spelman, Alexandria, Va., for Marranzano.

Mr. Herbert J. Miller, Jr., with whom Messrs. Perry S. Patterson and Kelley E. Griffith, Washington, D. C., were on the brief, for Riggs Nat. Bank of Washington, D. C.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

Tina Marranzano brought suit to recover damages for her discharge from the staff of the Washington Times-Herald, alleging violation of the terms of a collective bargaining agreement. Her complaint was dismissed by the District Court, and we reversed and remanded in order to give her an opportunity to amend. Marranzano v. Riggs National Bank of Washington, D. C., 1950, 87 U. S.App.D.C. 195, 184 F.2d 349. An amended complaint was thereupon filed. After trial without a jury, the District Court found that plaintiff had not been guilty of willful neglect of duty or gross misconduct, and had been discharged without sufficient cause. It entered judgment for damages in her favor. Both parties appeal.

In No. 11762, the plaintiff appeals on the ground that the court allowed damages measured by the severance pay provided in the collective bargaining agreement, whereas it should have allowed general damages for breach of contract. The portions of the agreement on which plaintiff-appellant relies are these:

"*Paragraph (C)*: When an employee who has served the Times-Herald more than six (6) consecutive months in his latest period of employment is discharged for any reason other than willful neglect of duty or gross misconduct, he shall be paid, in addition to all other amounts due him, one (1) week's salary for each six (6) months, and major fraction thereof, of his latest period of continuous employment beginning not more than fifteen (15) years prior to the effective date of his discharge.

\*   \*   \*   \*   \*   \*

"*Paragraph (G)*: Security:

"(1) No employee shall be discharged as a result of the execution of this Agreement. There shall be no discharges except for good and sufficient cause.

"(2) Two (2) week's notice in advance of discharge shall be given to employees of six months or more of continuous service except in cases of discharge for willful neglect of duty or gross misconduct. Any employee upon receipt of notice of discharge, or upon discharge where no notice is given, may apply to the Standing Committee so that the Committee may confer with the Times-Herald in the case. If, upon conference, a discharge is found by mutual agreement not to have been based on good and sufficient cause, the Times-Herald shall restore the discharged employee to his position, with full pay for the period from date of discharge to date of reinstatement and with service record unimpaired. Conferences regarding any discharge shall proceed with due diligence and shall be concluded within ninety (90) days after notice of discharge or after discharge where no notice is given."

Plaintiff-appellant was an employee of many years standing; she was discharged for the ostensible reason of willful neglect of duty and gross misconduct, a reason which has been found to be without basis; after her dismissal, she was not reinstated under Paragraph (G)(2). Our interpretation of the contract is that under these circumstances appellant became entitled to sev-

erance pay immediately upon her discharge. In our view, severance pay represents the proper measure of damages here.[1] It is conceded that in the absence of the bargaining agreement appellant could have recovered nothing. As appellant relies entirely on the contract for recovery, she cannot disavow its terms.

In No. 11763, the defendant appeals. We find no prejudicial error in any of the rulings of the District Court. The evidence sustains the findings of fact.

The judgment will accordingly be Affirmed.

[1] The court also allowed vacation pay and pay to cover a two-weeks notice period, both being benefits provided in the con-

tract. There appears to be no controversy as to these items.