OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, AFL-CIO, and Its Local No. 8-631, Appellants,

v.

DELTA REFINING COMPANY, Appellee.

No. 13922.

United States Court of Appeals Sixth Circuit.

March 23, 1960.

Anthony J. Sabella, Memphis, Tenn., for appellants.

Jesse Clyde Mason, of Canale, Glankler, Montedonico, Boone & Loch, Memphis, Tenn. (John S. Montedonico, Memphis, Tenn., on the brief), for appellee.

Before McALLISTER, Chief Judge, POPE, Circuit Judge, and THORNTON, District Judge.

POPE, Circuit Judge.

This was an action by a trade union which had negotiated a collective bargaining agreement with the defendant company on behalf of the latter's employees, the terms of which agreement pertained to the hours, wages, rates of pay, seniority and working conditions for employees at the company's Memphis, Tennessee, plant. It was alleged that the agreement which was in effect at the times herein mentioned, contained certain quoted articles or clauses relating to grievance and arbitration procedures. These provisions set forth that grievances not settled otherwise may be referred for arbitration, and outlined the procedures for setting up an arbitration committee and for its hearings and decisions.

It was alleged that an employee, one Allie B. Overall, was dismissed from employment "in violation of the agreement"; that the parties were unable to adjust their differences over this dismissal through the grievance procedure, and that they then proceeded to submit them to arbitration by a Board of Arbitration selected pursuant to the agreement. The majority of the Board found that the grievances of Allie B. Overall should be sustained and that he should be reinstated to his former position. The complaint alleged that the plaintiff Union, in these matters, was representing employees in an industry affecting commerce, and jurisdiction was predicated upon Sec. 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(a). The prayer of the complaint was that the defendant Company be enjoined and restrained from violating the Collective Bargaining Agreement by refusing to abide by the decision of the Board of Arbitration directing the reinstatement of Allie B. Overall.

The defendant Company moved to dismiss the action on the ground that the court lacked jurisdiction because there was no federal question involved. The court sustained the motion to dismiss, stating: "Therefore, the Court feels the motion to dismiss is well taken and the same is in all things granted. To all of which the complainant respectfully excepts and prays an appeal which is hereby granted." While no formal order dismissing the action was entered, it is plain that the order here appealed from was final and appealable for the reasons set forth in Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11 to 12.

There is no doubt but that in an appropriate case an award made by arbitration pursuant to the provisions of a collective bargaining agreement between a labor union such as this, and the employer of union members whom it represents, may be enforced in a district court of the United States pursuant to the provisions of the section of the Labor Management Relations Act which the Union has invoked here. The holding of this court to that effect in A. L. Kornman Co. v. Amalgamated Clothing Workers, 6 Cir., 264 F.2d 733, has been cited and followed in subsequent cases as Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 268 F.2d 920; Local 130, Etc. v. Mississippi Valley Electric Co., D.C.E.D.La., 175 F.Supp. 312.

In the Kornman case, supra (264 F.2d at page 737), this court noted that the "case goes one step further than did the Textile Workers Union of America v. Lincoln Mills case" (353 U.S. 448, 77 S. Ct. 923, 1 L.Ed.2d 972), but it concluded that the jurisdiction upheld in the Lincoln Mills case necessarily carried with

696

it jurisdiction to enforce the resulting awards. It also follows that unless the award is one made pursuant to an arbitration agreement which would hold under the Lincoln Mills rule, it cannot be enforced under Sec. 301. As stated in Lincoln Mills (353 U.S. at page 451, 77 S.Ct. at page 915, 1 L.Ed.2d 972): "That is our construction of § 301(a), which means that the agreement to arbitrate grievance disputes, contained in this collective bargaining agreement, should be specifically enforced." This means, we think, that in every case of this character, the authority and the power of the Board of Arbitration is dependent upon the terms of the particular agreement.

This point is well illustrated by the decision of the Fourth Circuit in Textile Workers Union of America v. Cone Mills Corp., supra, which, after reversing the decision of the trial court that it lacked jurisdiction to enforce the arbitration award, which the court did on the authority of the Kornman case, supra, nevertheless remanded the case for consideration of other questions relating to the validity of the award including "the scope of the grievances submitted to arbitration." [268 F.2d 925.] This suggests that if the award covered grievances not set forth in the agreement it need not be enforced. That court proceeded to make this point even more plain in its subsequent case of Enterprise Wheel & Car Corp. v. United Steelworkers, 4 Cir., 269 F.2d 327, which was also an action to enforce an award of an arbitrator. There the court specially noticed the fact that specific performance under Sec. 301 is restricted by the terms of the contract between the employer and the union. In that case, which concerned the disputed right to discharge certain employees, the arbitrator directed that the discharged man be reimbursed for loss of pay during a period which occurred after the expiration of the contract. Accordingly the court there declined to enforce the award for recovery of wages beyond the contract period.

In the present case the trial court held the complaint fatally defective (1) for its failure to set forth the terms of the collective bargaining agreement, and (2), because it showed that the action was one "solely to enforce the uniquely personal rights of the said employee, Overall", which the court said, "does not come under Sec. 301" of the Act, citing Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510, and Communications Workers v. Ohio Bell Telephone Co., D.C., 160 F.Supp. 822, affirmed by this court at 6 Cir., 265 F.2d 221.

We think that it cannot be said, categorically, that this action was one foreclosed by the rule of the Westinghouse case relating to the "uniquely personal right" of an employee. The mere fact that an arbitration award may result in payment of back pay to an employee, or in his reinstatement after discharge, does not, in and of itself, bring the case within the Westinghouse rule. An award of that character may be the necessary end result of an action under Sec. 301(a) to vindicate the Union's rights under a collective bargaining agreement. Such is the teaching of the decisions of this court in Local 19, Warehouse, Etc. v. Buckeye Cotton Oil Co., 6 Cir., 236 F.2d 776, 779, 781, and in the Kornman case, supra.[1]

1. In Local 19 the decision was in favor of the union which sought arbitration of a claim for overtime pay for employees. In Kornman the award was for vacation pay. In thus holding that a district court may have jurisdiction to enforce the arbitration clause of a labor contract even if the employees themselves may be the ultimate beneficiaries of the award, this court, in Local 19, relied upon the decision of the First Circuit in Local 205, United Electrical Workers of America, v. General Electric Company, 1 Cir., 233 F.2d 85, 100 (affirmed 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028), that the holding in Westinghouse was "not aimed at any cause of action or remedy that appropriately pertains to the union as an entity." An able discussion of the problem, which comments with approval upon the decisions of this court and those of the Fourth Circuit, cited above, may be found

■ We think that the result reached by the court was a correct one for the reason that it cannot be ascertained from the allegations of the complaint whether the questions submitted to arbitration were or were not within the limitations stated in Westinghouse. The terms of the collective bargaining agreement out of which the asserted grievances arose are not stated in the complaint. There is no allegation to show what were the obligations of the employer from which a grievance relating to this employee might arise. We are not informed as to whether the agreement contemplated authority in an arbitrator to order reinstatement of a discharged employee.

■ It is true that the complaint alleges that Overall was dismissed "in violation of the agreement". The trial court said of this—"this is a conclusion of the pleader \* \* \* the court is not bound by such a conclusion." Under the notice system of pleading established by the Rules of Civil Procedure, 28 U.S.C.A. the ancient distinction between pleading "facts" and "conclusions" is no longer significant.[2] The question is simply whether, in the words of Rule 8(a) there is "a short and plain statement of the claim". This statement in the present complaint is short, but it is certainly not plain, absent some showing of the terms of the contract. Sheridan-Wyoming Coal

Co. v. Krug, 83 U.S.App.D.C. 162, 168 F. 2d 557, 558–59; Marranzano v. Riggs Nat. Bank of Washington, 87 U.S.App. D.C. 195, 184 F.2d 349, 351.[3] Clearly the complaint was inadequate even under the Rules, liberal as they are.

This brings us to the question as to what disposition we should make of the case, now that we have held that a motion to dismiss was proper. We must note here that the views which we have expressed give the case a somewhat different aspect than it had under the trial court's ruling. Under the court's ruling that the complaint showed that the action was solely to enforce the uniquely personal rights of the employee and hence not within Sec. 301 of the Act because of the decision in the Westinghouse case, supra, it must have concluded that the plaintiff could "prove no set of facts in support of his claim which would entitle him to relief."[4]

However, our treatment of this case discloses that it is impossible to say from the facts here present whether the action would or would not be barred for the reasons stated in the Westinghouse case. By the same token it would appear that it might be possible under the authorities previously cited here to state or prove a claim maintainable under Sec. 301(a). For this reason we feel constrained to make the same disposition of

in Local 130, Etc. v. Mississippi Valley Electric Co., supra. Some things said in United Steel Workers of America v. Pullman Standard Car Mfg. Co., 3 Cir., 241 F.2d 547, may be out of line with the decisions of this court. Compare a decision of Judge Freeman in Local 90, Stove-Mounters' Intern. Union of North America, A.F.L.–C.I.O. v. Welbilt Corp., D.C.E.D.Mich., 178 F.Supp. 408.

2. U. S. v. Employing Plasterers' Ass'n, 347 U.S. 186, 188, 74 S.Ct. 452, 454, 98 L.Ed. 618: "Whether these charges be called 'allegations of fact' or 'mere conclusions of the pleader,' we hold that they must be taken into account in deciding whether the Government is en-

titled to have its case tried." Compare, Moore's Federal Practice, 2nd Ed., Vol. 2, p. 1650: "Under the 'notice' theory of pleading it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given and the statement of claim is short and plain. The courts have generally so held."

3. None of the suggested forms of simplified pleading in the Appendix to the Rules suggests that an allegation of the terms of a contract sued upon may be dispensed with.

4. The quoted words are from Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

this case as was done by the Court of Appeals in the District of Columbia in Marranzano v. Riggs Nat. Bank of Washington, supra. There the court, after noting that the complaint should have been dismissed for failure to state a claim, said: "The ends of justice would be better served in this case, we think, by remanding it so that appellant may be afforded an opportunity to amend her complaint." [184 F.2d 351.]

■ The proposition that a case heard in the federal courts should be determined upon the merits and after an adequate development of the facts is an established principle of this court. In Sherman v. Air Reduction Sales Company, 6 Cir., 251 F.2d 543, 546, Judge Stewart speaking for the court, said: "After a trial on the merits it may turn out that the appellee is correct that the appellant cannot prevail, but that determination cannot be made now. As Mr. Justice Brandeis wrote, 'Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.' "

This is the same principle to which the Supreme Court had given expression in Conley v. Gibson, supra, note 4.[5]

The cause is remanded with directions to permit the appellant to amend its complaint should it be so advised. If appellant does not do so, the motion to dismiss should again be granted and the action dismissed. If the complaint be amended the court shall take such further proceedings in the cause which shall not be inconsistent with this opinion.

---

5. The same rationale which moved the District of Columbia court to take that action in the Marranzano case, supra, has been expressed by the Supreme Court in dealing with a motion for summary judgment in Kennedy v. Silas Mason Company, 334 U.S. 249, 256, 68 S.Ct. 1031, 92 L.Ed. 1347. For an application of the rule in that case to a motion to dismiss, see Builders Corporation of America v. United States, 9 Cir., 259 F.2d 766, 773 (both majority and concurring opinions). The Silas Mason case was followed and discussed at length by this court in Knapp v. Kinsey, 6 Cir., 249 F.2d 797, 802.