Naim FARAH, Emille Farah, Francois
Farah, and Alice Farah,
individuals, Plaintiffs,

v.

Susan Work MARTIN, an individual,
and John Doe and Mary Roe,
individuals, Defendants,

Civ. A. No. 87–CV–40384–FL.

United States District Court,
E.D. Michigan, S.D.

Oct. 4, 1988.

Joseph Falcone, Southfield, Mich., for plaintiffs.

J. Peter Lark, Asst. Atty. Gen., Lansing, Mich., for defendants.

MEMORANDUM OPINION
AND ORDER

NEWBLATT, District Judge.

Before the Court is defendant Susan Work Martin's Motion for a More Definite

Statement. This motion is GRANTED in part and DENIED in part.

This is a § 1983 action in which plaintiffs allege that, in the course of assessing and collecting state taxes, the defendant employees of the Michigan Department of the Treasury discriminated against plaintiffs because they are of Arab descent. Defendant has, by her motion, asserted that the pleadings in this case are insufficient and that her ability to answer them is thereby impeded.

The Federal Rules of Civil Procedure provide that pleadings are to set forth a short, plain, simple, concise, and direct statement of the claim. Rules 8(a)(2), 8(e), Fed.R.Civ.P.; 27 *Federal Procedure, Lawyer's Edition* [hereinafter *Federal Procedure* ] § 62:40 (Lawyer's Cooperative 1981). This apparently-clear language conveys little of the historical controversy out of which it arose; the issue has not been an easy one and therefore warrants some discussion.

The rule represents an attempt to strike a balance between requiring excessive detail, which would throttle plaintiffs' ability to develop facts not reasonably within their prediscovery purview, and between permitting unsupported generalized allegations, which would in the extreme case render defendants unable to answer. The law as it existed before the enactment of the federal rules was bedevilled by an overconceptualized emphasis on distinctions between "ultimate facts and evidence" and "conclusions of law," which distinctions were essentially chimerical.[1] 5 Wright, Miller, & Cooper, *Federal Practice & Procedure* [hereinafter *Federal Practice* ] § 1218 (West 1982). The solution contained in the

federal rules attempts to avoid this historical trap by omitting any factual requirement; interpretations of the rule have generally emphasized that the primary consideration ought to be simply whether a defendant is provided with notice of plaintiff's claim sufficient to permit defendant to respond to the pleading. *Westlake v. Lucas,* 537 F.2d 857 (6th 1976); *Oil, Chemical and Atomic Workers International Union v. Delta Refining Co.,* 277 F.2d 694 (6th Cir.1960). To this end, it has been held immaterial whether a complaint states conclusions or facts, so long as it provides defendant with fair notice via a short and plain statement of the claim. 27 *Federal Procedure* § 62:35. It has been stated that plaintiffs need not plead "evidentiary facts"; that is, they need not set down in detail all the facts on which they base their claims. Rather, full development of the facts and narrowing of contested issues are to be accomplished through discovery and other pretrial procedures. *Id.,* § 62:36 at 216–17.

■■■■ Accordingly, motions for more definite statements are disfavored. "It always should be borne in mind that the federal rules reflect the judgment that polishing the pleadings by means of motion practice rarely is worth the effort." 5 *Federal Practice* § 1218 at 138. Such motions on the pleadings are appropriately granted only if there is a major ambiguity or omission in the complaint that renders it unanswerable. Such motions are *not* for the purpose of preparing for trial. 27 *Federal Procedure* § 62:39 at 218. Legal or factual insufficiencies are better addressed by means of a Rule 12(b)(6) or Rule 56 motion.[2] *See Chapman v. City of Detroit,*

1. Wright *et al.* suggest that these distinctions still may be useful if they are understood as shorthand. "Ultimate facts" and "statements of evidence" may be taken to mean "too much detail"; "conclusions of law" is another way of saying "too much generality." 5 *Federal Practice* § 1218 at 141.

2. Once the record is sufficiently developed to sustain either of these motions, defendants are free to so move and, in addition, to move for Rule 11 sanctions if appropriate. Without so finding at this juncture, the Court simply hints strongly that such may later be appropriate

here. Plaintiffs have produced a very generalized complaint and have further responded to defendant's motion by arguing that they should be entitled to acquire facts to support their claims. Though the rule tilts against requiring that they so plead, plaintiffs must have *some* facts within their knowledge that would permit them to assert the existence of conspiracy. This is the reason for the Court's granting of defendant's motion regarding plaintiff's conspiracy claim, as delineated in the third-last paragraph of this Opinion.

808 F.2d 459, 465 (6th Cir.1986), in which plaintiffs argued that the gravamen of their due process and equal protection claims was that the defendant City had selectively and thereby improperly enforced a mandatory retirement provision. The *Chapman* court held the complaint insufficient, however, because it merely recited the relevant provision; asserted that the City had improperly administered it "[f]or at least the past twenty years"; cited the relevant Constitutional provisions; and simply alleged "substantial" damages. *Chapman*, 808 F.3d at 464–65.

That is not the end of the inquiry, however. As it is difficult to delineate the rule in one sentence, it is also not easy to apply it. The particular purpose this rule is intended to serve depends on the context in which it is to be applied. 5 *Federal Practice* § 1218 at 133. For example, the rules of federal procedure specifically require that fraud, mistake, or condition of the mind must be pled with special particularity. Rule 9(b), Fed.R.Civ.P. The caselaw has also included conspiracy as a special circumstance that may justify less, not more, particularity.

> Where a conspiracy is alleged, the allegations of the complaint cannot in the nature of things be as definite and specific as in cases of a different character. However, a general allegation of conspiracy, without a statement of facts constituting that conspiracy, is only an allegation of a conclusion. The complaint should include some details of time, place, and the alleged effect of the conspiracy.

27 *Federal Procedure* § 62:55 at 229.[3]

■ This is also true for civil rights claims. *Id.; see also Westlake*, 537 F.2d

857. Civil rights cases in which government entities and employees are being sued, however, require greater particularity. The reason is that government defendants and attorneys, having been served with a lawsuit, are required to "divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties." *Chapman*, 808 F.2d at 465, *citing Hobson v. Wilson*, 737 F.2d 1, 29–31 (D.C.Cir.1984); *see also German v. Killeen*, 495 F.Supp. 822 (E.D.Mich.1980). It is therefore especially advisable to protect them from frivolous lawsuits.

■ In conclusion, then, the general rule is that pleadings are sufficient if they provide defendants with notice; how this is accomplished—by asserting facts or conclusions—does not much matter. Greater particularity, however, is required in civil rights suits against the government—but less so in conspiracy cases, which pose their own special difficulties. Within the general confines of this formulation, which is necessarily imprecise, the Court will now address defendant's arguments for more definiteness *seriatim*.

■ The complaint asserts only that the allegedly injurious conduct commenced in 1983; it proffers no other specific dates. Defendant argues that that is a deficiency rendering effective answer impossible and, further, that the applicable statute of limitations would bar a lawsuit based on conduct taken in 1983. This argument is accepted. Plaintiffs know the time period in which their tax difficulties occurred and it should be no hardship for them to so plead specifically. Defendant requires dates not only to assert her affirmative defenses, but also to narrow the amount of investigation

---

**3.** For example, a North Carolina trial court held that a complaint provided sufficient notice insofar as it alleged that each of the named defendants agreed to conspire to act and further specified the involvement of each. *Waller v. Butkovich*, 584 F.Supp. 909, 931–32; *later proceeding* 593 F.Supp. 942 (M.D.N.C.1984); *motion denied* 605 F.Supp. 1137 (M.D.N.C.1985). The *Waller* court disallowed the complaint, however, insofar as it alleged, *e.g.*, merely a generalized "course and pattern of activities designed to conceal" improper conduct after it had oc-

curred; complained of one defendant's statements that were not identified by time, date, or content; and asserted generally against one defendant that he participated in a cover-up without alleging cooperation with other defendants or how his conduct furthered the goals of the conspiracy. The court found sufficient notice, on the other hand, in allegations that specified defendants produced a falsified report and that other defendants issued specific culpable statements on particular dates. *Waller*, 584 F.Supp. at 932–33.

she needs to conduct in order to answer. The aspect of defendant's motion concerning more definite dates is hereby GRANTED.

Defendant's argument requiring more specific allegations concerning Commissioner Martin's involvement is GRANTED.

■ Defendant states that she requires plaintiffs to state specifically who of the defendants took the complained-of action, what alleged settlements are involved, and their substance. This aspect of the motion is DENIED as it is appropriate for discovery.

Plaintiffs shall state with particularity who of their number suffered which injury; in this regard the motion is GRANTED.

■ As to plaintiffs' allegations of conspiracy against persons of Arab descent, plaintiffs are required, in addition to pleading the general conclusion of conspiracy, to provide some details of the time, place, and alleged effect of the conspiracy. Plaintiffs are particularly advised to heed the Court's observations in note 2 of this Opinion.

As to further elucidation of the legal basis of plaintiffs' constitutional claims, defendants are free to move for failure to state a claim if, in their judgment, the law will not sustain the cause of action based on the facts as pled pursuant to this Order. Motion DENIED in this part.

Plaintiffs are ordered to amend their complaint as discussed above within fifteen (15) days of the date hereof.

SO ORDERED.