**Benton K. MOON, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 89 Civ. 5950 (JES).**

United States District Court, S.D. New York.

Jan. 31, 1991.

Benton K. Moon, New York City, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Diana Hassel, Asst. U.S. Atty., of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

This is an action seeking refunds of income taxes for the years 1984 through 1988. The parties have cross-moved for summary judgment and for the reasons that follow, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

### DISCUSSION

Plaintiff first claims a refund for the year 1984 in the amount of $739.00, which was denied because the Internal Revenue Service (the "IRS") assessed additional tax for that year. *See* Affidavit of Victor Godfrey ("Godfrey Aff.") at ¶ 3. This Court does not have jurisdiction to hear a refund claim unless the questioned assessment has been fully paid. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Because the plaintiff, as of June 5, 1990, owed $3,154.15 in 1984 income tax, plaintiff's claim for a refund from that year must be dismissed for lack of jurisdiction.

Next, plaintiff claims a refund for the year 1987 in which year he deducted his interest expense and also took the standard deduction. Although interest expense can be deducted pursuant to 26 U.S.C. § 163(a) (1988), it can only be done as an itemized deduction. Since plaintiff did not itemize his deductions in 1987, his taxable income can only be reduced by the standard deduction and the deduction for personal exemptions. *See* 26 U.S.C. § 63(b) (1988). Therefore, plaintiff's claim for a 1987 refund must be denied.

Finally, plaintiff claims refunds for the years 1985, 1986 and 1988. Since the IRS claims that these refunds were credited to the plaintiff against tax liabilities for the years 1981, 1982 and 1983, *see* Godfrey Aff. at ¶¶ 5, 6, 8, and plaintiff has not submitted any evidence disputing this contention, plaintiff's claim for these years must also be denied.

### CONCLUSION

Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

It is SO ORDERED.