Nick **BATT**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

No. 3:96 CV 7509.

United States District Court,
N.D. Ohio,
Western Division.

May 23, 1997.

Nick Batt, pro se.

S. Robert Lyons, Department of Justice, Tax Division, Washington, DC, Ralph J. Lewis, Office of the U.S. Atty., Toledo, OH, for Defendant.

## MEMORANDUM AND ORDER

ARMSTRONG, United States Magistrate Judge.

This is an action seeking monetary damages, injunctive and declaratory relief against the United States and its agency, the Internal Revenue Service. The parties have consented to have the undersigned United States Magistrate Judge conduct any and all further proceedings in this case. Pending is Defendant's Motion to Dismiss (Docket No. 4). Plaintiff filed an Opposition (Docket No. 5) and a Supplemental Opposition (Docket No. 11) to which Defendant filed a Reply (Docket No. 7) and a Supplemental Reply (Docket No. 12). For the reasons that follow, Defendant's Motion to Dismiss is GRANTED.

## FACTUAL BACKGROUND

Plaintiff owns real property which produces rental income. Defendant Internal Revenue Service through its agent, executed levies upon such income in January and February 1996. Plaintiff also receives income from his position as property manager for New Batt Rental Corporation and Property and Management Connection. Defendant executed levies upon his salary/wages as property manager in May and June 1996.

The complaint alleges that defendant's levy on rental income is unlawful for the reason that plaintiff, as landlord, is entitled to certain exemptions pursuant to 26 U.S.C. § 6334. Plaintiff also claims that his wages as property manager for Property and Management Connection, Inc. are subject to certain exemptions. Specifically, plaintiff claims that the portion of his wages earmarked by his employer for child care is exempt from levy. Consequently, plaintiff seeks an order limiting the scope of levies and awarding judgment against the United States for mo-

nies wrongfully levied. In response, defendant filed a Motion to Dismiss.

## MOTION TO DISMISS STANDARD

The procedural standard for determining a motion to dismiss is governed by Fed. R.Civ.P. 12(b)(6) which allows a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (*citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987)). The fundamental purpose of pleadings under the federal rules is to give adequate notice of each side's claims and allow the cases to be decided upon the merits after adequate development of the facts. *Id.* at 638 (*citing Oil, Chem. & Atomic Workers Int'l Union, AFL–CIO v. Delta Ref. Co.*, 277 F.2d 694 (6th Cir.1960)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 638 (*quoting Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A motion to dismiss is filed pursuant to the Federal Rules of Civil Procedure 12(b)(6) which tests whether plaintiff has stated a claim in the complaint. The basic pleading requirements are set forth in Rule 8(a) which call for a short and plain statement of the claim showing that the pleader is entitled to relief. *Broyde v. Gotham Tower, Inc.* 13 F.3d 994, 996 (6th Cir.1994) *cert. denied* 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). In considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint. *Id.* (*citing Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277, 279 (6th Cir.1987)).

██ If "matters outside the pleadings are presented to and not excluded by the court, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56. All parties will be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The decision to exclude material outside the pleadings is entirely within the discretion of

the trial court. *Wiley v. Hughes Capital Corporation,* 746 F.Supp. 1264 (D.N.J.1990).

### DISCUSSION

In his complaint, plaintiff alleges three causes of action and as relief, he seeks: 1) a refund for wrongful levy of his rental income, 2) a refund for the wrongful levy against his wages and 3) injunctive and declaratory relief.

In response, defendant filed a Motion to Dismiss which asserts that the Court is without subject matter jurisdiction to address the issues presented since plaintiff has failed to satisfy the statutory prerequisites to suit. Plaintiff has neither established that he filed a claim for refund with the Secretary of the Treasury or that he fully paid the taxes assessed. Defendant also argued in its initial brief that plaintiff's cause of action alleging that his rental income is exempt from levy under 26 U.S.C. § 6334 fails to state a claim for which relief can be granted. Subsequently, defendant withdrew such argument.[1] Finally, defendant contends that plaintiff is barred from seeking injunctive and declaratory relief under the Anti–Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

### I.

■ In plaintiff's first cause of action, he seeks a refund for the alleged wrongful levy of his rental income. Plaintiff contends that defendant failed to recognize that a portion of his rental income is exempt from levy. Pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422, the United States has waived its sovereign immunity with respect to refund suits by taxpayers to recover taxes alleged to have been erroneously or illegally collected. *Abadi v. United States,* 782 F.Supp. 59, 61 (E.D.Mich.1992). Section 1346(a)(1) of Title 28 provides that the district courts shall have original jurisdiction of "Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ..."

■ Section 7422(a) provides in pertinent part that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for a refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (West's 1997).

Thus, a duly filed administrative claim for refund is a jurisdictional prerequisite to an action for refund of taxes in district court. *Ameel v. United States,* 426 F.2d 1270, 1274 (6th Cir.1970); *Huff v. U.S.,* 10 F.3d 1440 (9th Cir.1993), *cert. den.* 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994); *McMillen v. U.S. Dept. of Treasury,* 960 F.2d 187 (1st Cir.1991); *Bajenski v. Chivatero,* 818 F.Supp. 1085 (N.D.Ohio 1993). Additionally, a taxpayer must fully pay the assessed tax before invoking the jurisdiction of the district court for the refund of any portion of federal income tax. See *Flora v. United States,* 362 U.S. 145, 176–78, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960); *Moon v. I.R.S.,* 755 F.Supp. 112 (S.D.N.Y. 1991) *aff'd* 948 F.2d 1276 (1991).

Plaintiff fails to allege compliance with the statutory prerequisites. Consequently, this court lacks jurisdiction of plaintiff's refund/wrongful levy claim.

### II.

■ Plaintiff's second claim is that a portion of his wages as property manager for Property Management and Connection, Inc. are exempt from levy by the Service. Although the precise amount of the claimed exemption is unclear, the magistrate construes plaintiff's claim as seeking an exemption of $20.04 per week.[2] Specifically, plaintiff seeks an injunction or declaratory

---

1. See Docket No. 7, Page 2, note 1.

2. In paragraph 11 of the complaint, plaintiff alleges that defendant disallows "the remaining $20.04/week of exemption unused by Property and Management Connection, Inc. for wages ..."

judgment directing the Service to limit the scope of its levies and finding that the "purported levy of wages without exemption is unlawful ..." The Anti–Injunction Act and the Declaratory Judgment Act prohibit the remedy Plaintiff seeks.

The Anti–Injunction Act states that except as specifically provided: "... no suit for the purpose of restraining the collection of any tax shall be maintained in any court by any person ..." 26 U.S.C. § 7421(a) (1989) [3]. See *Jones v. U.S.*, 889 F.2d 1448 (5th Cir. 1989) (once tax has been assessed, taxpayer's only recourse is to fully pay tax and sue for refund).

The Anti–Injunction Act serves two related purposes. The primary purpose is to "to permit the United States to assess and collect taxes alleged to be due without judicial intervention" and the "collateral objective of the Act [is]—protection of the collector from litigation pending a suit for refund." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

■ A judicial exception to the Anti–Injunction Act permits the district court to grant injunctive relief if plaintiff satisfies a two-prong test by demonstrating that "under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir.1990) (citing *Maxfield v. U.S. Postal Service*, 752 F.2d 433, 434 (9th Cir.1984)). Plaintiff has the burden of pleading and proving facts to show that the government cannot prevail. *Elias*, 908 F.2d at 525.

Plaintiff has failed to meet this burden. He has failed to set forth facts to establish that the government cannot prevail and further that irreparable injury will occur to him if the injunction does not issue. In fact, plaintiff's request for injunctive relief is moot. The levy was effectuated in May and June 1996. Even if injunctive relief were feasible, there is no allegation that depriva-

tion of two months' wages caused irreparable injury and no showing that the government cannot ultimately prevail on the merits.

## III.

■ Plaintiff also seeks a declaratory judgment that levy of his wages is illegal. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

(a) In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, ... (emphasis added).

As plaintiff's action is clearly related to federal taxes, declaratory judgment is available only if one of the exceptions cited in the statute apply. The exception provided in Section 7428 relates to entities seeking tax exempt status and the second exception relates to bankruptcy proceedings pursuant to Chapter 11 of the Bankruptcy Code.

The Supreme Court has stated that the "federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti–Injunction Act." *Bob Jones University v. Simon*, 416 U.S. 725, 732, 94 S.Ct. 2038, 2044, 40 L.Ed.2d 496 (1974). The magistrate has found that injunctive relief is unavailable. Similarly, relief is also unavailable pursuant to the Declaratory Judgment Act.

## IV.

■ Plaintiff also contends that the levy of monies paid to him for payment to child care providers furnished by his employer was neither income nor property. Such an argument is without merit. Only if the taxpayer is required by judgment from a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of

---

**3.** The specific exceptions from the Act and the topics they address are: Sections 6212(a) and (c), 6213(a) (notices and restrictions applicable to deficiencies); 6672(b) (failure to collect and pay tax); 6694(c) (income tax preparer); 7426(a) and (B)(1) (actions by persons other than taxpayers) and 7429(b) (jeopardy tax assessment). None of the foregoing statutory exceptions apply to plaintiff.

minor child(ren), is the taxpayer's income, salary, wages or other income necessary to comply with the judgment, exempt. 26 U.S.C. § 6334(a)(8) (1989 and Supp.1997). There is no evidence that plaintiff's receipt of money from his employer designated for child care is pursuant to a valid judgment.

For these reasons, defendant's Motion to Dismiss (Docket No.4) is GRANTED and plaintiff's complaint is DISMISSED.

So ordered.